**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS HURTADO-FIERRO,

Defendant-Appellant.

No. 07-2187

District of New Mexico

(D.C. No. 06-CR-1295-BB)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

Defendant-Appellant Jesus Hurtado-Fierro pleaded guilty to a one-count indictment charging violation of 8 U.S.C. § 1326(b)(1), reentry of a deported alien previously convicted of a felony, and was sentenced to 41 months in prison. He timely appealed his sentence. His counsel, Arturo B. Nieto, has filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Hurtado-Fierro did not file a response. The government declined to submit a brief. Because we find that neither Mr. Hurtado-Fierro nor

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his counsel raises any non-frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

In the plea agreement, the parties initially agreed that the appropriate offense level under the United States Sentences Guidelines was 9, but in paragraph 8(a) the government reserved the right to withdraw from the agreement in the event that the defendant was discovered to have committed a crime of violence. Subsequently, the probation office found that Mr. Hurtado-Fierro was convicted in 1995 of violating New Mexico Stat. Ann. § 30-6-1(E), Child Abuse-Negligently Cause (No Death or Great Bodily Harm), a third degree felony punishable by up to three years' imprisonment. Examining the indictment, the district court found that Mr. Hurtado-Fierro had been charged with the act of biting or sucking the skin of the child until she bruised, and/or having tortured or cruelly punished the child. The court concluded that this constituted a crime of violence, requiring a 16-level increase in the Guideline calculation. *See* U.S.S.G. §2L1.2(b)(1)(A). The court sentenced Mr. Hurtado-Fierro to 41 months, the bottom of the recommended range.

Having examined the record, including the sentencing transcript and the underlying state indictment, we conclude that the district court correctly allowed the government to withdraw from the original plea agreement calling for an offense level of 9, and that it correctly concluded that Mr. Hurtado-Fierro's prior

conviction was for a crime of violence within the meaning of U.S.S.G. §2L1.2(b)(1)(A). Appellant raises no non-frivolous argument to the contrary.

We therefore **GRANT** counsel's motion to withdraw and dismiss the appeal. The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge